IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 19-cr-30059 |
| TOSHIRO LUTTRELL, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter came before the Court on August 4, 2020 for a hearing on Defendant Toshiro Luttrell's Emergency Motion to Reconsider Detention Order (d/e 31) (Motion).  Pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) and this District Court's Amended General Order 20-03 entered June 30, 2020, this hearing was conducted by video conference due to the ongoing COVID 19 pandemic.  Defendant Luttrell appeared personally and by his counsel Assistant Federal Defender Johanes Maliza.  The Government appeared by Assistant United States Attorney Tanner Jacobs.  All persons appeared by video.  Luttrell consented in open court to conducting the hearing by video conference. After careful consideration of the submissions of the parties and the

arguments of counsel, the Court denies the Motion for the reasons set forth below.

BACKGROUND

On November 6, 2019, the Grand Jury indicted Luttrell, charging him with three counts of armed robbery that unlawfully affected, obstructed, or delayed interstate commerce (Hobbs Act Robbery), in violation of 18 U.S.C. § 1951(a); three counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). Indictment (d/e 1).

On November 21, 2019, Luttrell appeared before this Court for his initial appearance and arraignment.  At that time, Luttrell consented to detention.  Minute Entry dated November 21, 2019.  Luttrell is detained at the Sangamon County, Illinois, Jail in Springfield, Illinois (Jail).

On March 18, 2020 Luttrell filed a motion seeking release from pretrial detention pursuant to 18 U.S.C. § 3242(f) due to the ongoing COVID 19 pandemic and because Luttrell has a serious health condition. Defendant's Emergency Motion to Reconsider Bond Determination and Release Defendant on Bond (d/e 12).  On March 26, 2020, United States Magistrate Judge Jonathan Hawley conducted a hearing and denied the

motion.  <u>Minute Entry dated March 26, 2020</u>.  On March 26, 2020, Luttrell asked the District Court to review Magistrate Judge Hawley's decision and revoke Luttrell's detention pursuant to 18 U.S.C. § 3145.  <u>Emergency Motion to Revoke Detention Order (d/e 21)</u>.  On March 30, 2020, United States District Judge Sue Myerscough denied the § 3145 motion. Judge Myerscough considered Luttrell's health condition, but found no basis to revoke detention:

> The Court is cognizant of Defendant's health issues and the threat that COVID-19 poses to him. But Defendant's concerns about COVID-19 do not persuade the Court that Defendant can be released on bond under conditions that will reasonably assure the safety of others and the community. Further, the Court notes the Government's proffer concerning the measures in place at the Sangamon County Jail to prevent COVID-19 infection. Defendant proposes to be placed on electronic monitoring at his girlfriend's home where he would reside with his girlfriend - whose work takes her outside of the home for several hours each day - and his girlfriend's three teenaged children. Based on these facts, the Court cannot say with certainty that Defendant would be any less vulnerable on electronic monitoring than in detention.

<u>Id.</u>

Luttrell filed the current Motion because three correctional officers at the Jail tested positive for COVID 19.  Two tested positive on July 29, 2020, and one tested positive on July 30, 2020.  No inmate at the Jail has tested positive for COVID 19.  One of the three infected officers had last been at

the Jail on July 27, 2020, and the other two had last been at the Jail on July 24, 2020.  See Motion, at 2-3.

Luttrell asks the Court to release him because of this change in circumstances at the Jail.  He argues that his serious health condition puts him at greater risk to suffer serious consequences, including an increased risk of death if he contracts COVID 19, and that his risk of contracting COVID 19 is increased now that correctional officers have tested positive.  See Motion, at 3-5.  The Government opposes the Motion.

## ANALYSIS

This Court may reconsider Luttrell's detention order if information not known to Luttrell at the time of the detention hearing has a material bearing on the issue of whether there are conditions of release that will reasonably assure Luttrell's appearance in this case and the safety of any other person in the community.  18 U.S.C. § 3142(f).  The Court may also grant temporary release if such release is necessary for preparation of Luttrell's defense or for another compelling reason.  18 U.S.C. § 3142(i).  The three correctional officers at the Jail who recently tested positive for COVID 19 constitute new information that was not known at Luttrell's detention hearing on November 21, 2019 or at the time of his March 18 and March 26 motions.  After careful consideration, however, that new information does

not demonstrate that conditions of release will reasonably assure Luttrell's appearance in this case and the safety of persons in the community. The new information also does not relate to trial preparation and does not demonstrate a compelling reason to release Luttrell from pretrial detention.

In determining whether conditions of release will reasonably assure Luttrell's appearance in this case and the safety of any person in the community, this Court must consider the following factors:

> **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> > **(1)** the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> >
> > **(2)** the weight of the evidence against the person;
> >
> > **(3)** the history and characteristics of the person, including--
> >
> > > **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > >
> > > **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal,

>or completion of sentence for an offense under Federal, State, or local law; and
>
>**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

Furthermore, the Indictment charges Luttrell with violent crimes that raise a rebuttable presumption that no condition or combination of conditions will reasonably assure Luttrell's appearance and the safety of any member of the community.  18 U.S.C. § 3142(d)(3).  This presumption "represents Congressional findings that certain offenders, including narcotics violators, as a group are likely to continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." United States v. Dominguez, 783 F.2d 702, 707 (7th Cir. 1986).  If Luttrell rebuts the presumption, the presumption does not disappear, but "remains in the

case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." Id.

The new information that three correctional officers tested positive for COVID 19 cases is not directly relevant to the § 3142(g) factors. All these factors still weigh in favor of detention. The nature and circumstances of the offenses charged were serious violent crimes. The Indictment charges Luttrell with committing three Hobbs Act Robberies while brandishing a gun at his victims. Luttrell is facing a significant sentence if convicted. The three counts of brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) carry a mandatory minimum sentence of 21 years just by themselves. The severity of the charges and the potential penalties weigh against finding that any condition or combination of conditions for release would ensure Luttrell's appearance in this case.

The evidence against Luttrell is also strong. One Hobbs Act Robbery was recorded by security cameras and other supporting evidence. The others are supported by strong circumstantial evidence. See Government's Response to Defendant's Emergency Motion to Revoke Detention Order (d/e 36) (Opposition), at 4-5 for a detailed summary of the evidence. The

strength of the evidence further weighs against finding that conditions of release would ensure Luttrell's appearance at trial.

Luttrell's criminal history shows that he has at least four felony convictions for drug trafficking and a felony conviction for aggravated battery to a police officer. The Defendant was sentenced to the Illinois Department of Corrections in all of those cases. Judge Myerscough further noted that Luttrell's criminal history "includes several prior instances where Defendant's parole on felony convictions was revoked and multiple instances in which Defendant was unsuccessfully discharged from a sentence of court supervision or conditional discharge." Text Order entered March 30, 2020.  His violent criminal history establishes a serious risk that Luttrell is a threat to the community, and he is not likely to comply with any set of conditions that would be imposed if he were released. Finally, the nature and seriousness of the charges of three Hobbs Act Robberies in which Luttrell brandished a weapon and threatened the victims supports the inference that Luttrell could not be released from detention without posing a risk of danger to any member of the community. The § 3142(g) factors continue to weigh in favor of detention.

Under § 3142(i), the Court may allow temporary release based on any other compelling reasons.  The COVID 19 pandemic presents a risk to

all humans wherever they live. The Jail is taking steps to protect inmates from the risk of infection. The Jail is testing personnel coming into the Jail; inmates are screened daily by medical personnel and their temperatures are taken daily; provisions have been made to isolate any symptomatic inmates and any inmates that become infected will be relocated to a medical facility. See Opposition, at 7-11 for a detailed listing of the precautions being taken by the Jail to protect inmates, including Luttrell.

Luttrell's proposed custodian is being careful to protect herself from infection because she, like Luttrell, has the same serious medical condition. Three teenaged children, however, will also live in the proposed custodian's house with Luttrell. Luttrell presents no evidence that these teenagers will take precautions to avoid contracting COVID 19. See Text Order entered March 30, 2020 (quoted above). In light of the presence of the teenagers, the proposed custodian's home does not provide a safer place for Luttrell to live to avoid COVID 19, particularly considering the steps the Jail is taking to protect Luttrell and the other inmates.

Finally, the parties agree that Luttrell is currently receiving appropriate treatment for his serious health condition. The Centers for Disease Control has stated that persons with Luttrell's condition who are on appropriate treatment are at not at greater risk for suffering serious

consequences from contracting COVID 19.  Luttrell's medical condition, therefore, does not constitute compelling circumstances to grant his request for release.

After considering all the facts and circumstances, and the submissions and arguments of counsel, the Court finds that Luttrell has failed to present new information that overcomes the presumption that no condition or combination of conditions will reasonably assure Luttrell's appearance and the safety of any member of the community.  The new information also does not demonstrate compelling reason to grant him temporary release.

THEREFORE, IT IS ORDERED that Defendant's Emergency Motion to Reconsider Detention Order (d/e 31) is DENIED.

ENTER:  August 5, 2020

s/ *Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE