IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-cr-30059 |
| ) | |
| TOSHIRO LUTTRELL, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Toshiro Luttrell's pro se Motion for Compassionate Release (d/e 65) and Amended Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (d/e 68). For the reasons set forth below, the motions are DENIED.

## I. BACKGROUND

On November 6, 2019, Defendant was charged by way of indictment with three counts of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951(a), three counts of Use of a Firearm in Furtherance of a Robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and one count of Possession of a Firearm by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). On August

21, 2020, Defendant pled guilty to all seven counts of the indictment. See Minute Entry, Aug. 21, 2020. On that same date, this Court sentenced Defendant to a total of 258 months' imprisonment, consisting of 6 months' imprisonment on each of Counts 1, 3, 5, and 7, to be served concurrently with each other, and 84 months' imprisonment on each of Counts 2, 4, and 6, to be served consecutively to each other and to all other counts. See Judgment 3, d/e 32. The Court also imposed a three-year term of supervised release on each count, with the terms to run concurrently. See id. at 4. Defendant is currently incarcerated at FCI Hazleton and has a projected release date of June 3, 2037. See Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed June 5, 2021).

On April 6, 2021, Defendant filed a pro se motion for compassionate release (d/e 65) pursuant to 18 U.S.C. § 3582(c)(1)(A). On April 12, 2021, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (d/e 68) was filed. Motions for sentence reductions pursuant to 18 U.S.C. § 3582(c)(1)(A) are often colloquially referred

to as motions for compassionate release, although the term compassionate release is not used in the statute. Most compassionate release motions since the beginning of the COVID-19 pandemic have involved defendants requesting release based on medical conditions rendering them vulnerable to serious illness if infected with COVID-19. In this case, although Defendant does suffer from serious medical conditions that may render him vulnerable to COVID-19 were he to be infected, Defendant does not seek a sentence reduction that would result in his release from imprisonment. Rather, Defendant requests that the Court reduce his sentence to a 10-year term of imprisonment, arguing that the statutory mandatory minimum sentence the Court was obligated to impose in this case is, itself, an extraordinary and compelling circumstance warranting a reduction in Defendant's sentence.

On April 15, 2021, the Government filed a Response Opposing Defendant's Motion for Compassionate Release (d/e 71). The Government argues that the Court should deny Defendant's compassionate release motion because neither Defendant's medical condition nor the sentence imposed by the Court constitute extraordinary and compelling reasons warranting a reduction in

sentence under 18 U.S.C. § 3582(c)(1)(A).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant reduction in sentence if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a sentence reduction only if the Director of the Bureau of Prisons ("BOP") filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission has not yet updated its policy statements to implement the First Step Act. Nonetheless, "[t]he substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons.'" United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020). Application Note One to Section 1B1.13 of the U.S. Sentencing Guidelines Manual provides a list of specific circumstances that constitute "extraordinary and compelling reasons" for a sentence reduction. This list includes the

medical condition of the defendant, the age of the defendant, family circumstances, and a catch-all for "other reasons." U.S.S.G. § 1B1.3, cmt. n. 1.

Application Note Two to Section 1B1.13 of the U.S. Sentencing Guidelines Manual is also instructive with respect to Defendant's motion. That Note states that:

> an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G. § 1B1.3, cmt. n. 2.

The length of a term of imprisonment is not included in the Sentencing Commission's list of potential extraordinary and compelling reasons. Defendant notes, however, that the Seventh Circuit has held that Section 1B1.13 applies only to motions and determinations filed by the Director of the BOP. See Am. Mot. for Sentence Reduction, pp. 7–8; Gunn, 980 F.3d at 1180. Consequently, in cases involving compassionate release motions filed by prisoners with district courts as authorized by the First

Step Act, the Sentencing Commission's analysis should "guide [the] discretion" of a district court "without being conclusive." Gunn, 980 F.3d at 1180. Defendant therefore argues that the Court may now reassess the sentencing factors and Defendant's individual circumstances under a different statutory framework, unbound by the statutory mandatory minimum.

Defendant argues that two independent bases demonstrate extraordinary and compelling reasons warranting a reduction in his sentence. First, he argues that because he is HIV-positive, this constitutes an extraordinary and compelling reason to reduce his sentence. Second, he argues that the 21-year sentence imposed is greater than necessary to meet the sentencing goals of 18 U.S.C. Section 3553(a).

The Court finds that Defendant has not demonstrated that extraordinary and compelling reasons warrant a reduction in his sentence. Defendant's first argument regarding his medical condition clearly falls within Section 1B1.13 Application Note One's "medical condition" subdivision of what constitutes extraordinary and compelling reasons. In this case, Defendant's medical condition not only reasonably could have been known or

anticipated by this Court at sentencing, Defendant's medical condition actually *was* known to the Court at sentencing. The Court was apprised of Defendant's medical condition and was able to fully consider that factor when imposing sentence. The Court also considered Defendant's medical condition in connection with Defendant's earlier filed Emergency Motion to Revoke Detention Order (d/e 21). In denying that motion, the Court recognized the risks posed to Defendant by COVID-19 in connection with his medical condition but determined that no conditions of pretrial release would reasonably ensure the safety of others and the community.

Defendant has not presented any evidence that his medical condition has materially changed since sentencing, nor does Defendant argue that his medical condition is so dire as to warrant a reduction in sentence that would result in his immediate release. The only information Defendant offers regarding his current medical condition is to state more than once that his diagnosis is under control. See Am. Mot. for Sentence Reduction 13-14. He merely argues that the length of the sentence imposed is unwarranted in view of his diagnosis. Defendant also acknowledges that the CDC's

current guidance recognizes that, based on the limited data currently available, Defendant is still at a normal risk of COVID-19 complication despite his diagnosis.  See id. at 11.  The CDC's current guidance for COVID-19 for people with HIV cites initial case series from Europe and the United States that found "no significant differences in clinical outcomes . . . between people with HIV who developed COVID-19 and individuals without HIV."  Centers for Disease Control and Prevention, Guidance for COVID-19 and People with HIV, available at https://clinicalinfo.hiv.gov/en/guidelines/covid-19-and-persons-hiv-interim-guidance/interim-guidance-covid-19-and-persons-hiv.  Moreover, the medical records filed by the Government in response to Defendant's motion reflect Defendant's diagnosis as "HIV asymptomatic," and note that Defendant has "never had an HIV-related illness."  See Resp. Ex A. at Page ID 3.  Based on the foregoing, the Court finds that Defendant's medical diagnosis does not constitute an extraordinary and compelling reason warranting a reduction in Defendant's sentence.

 Defendant's second argument regarding the stacked 924(c) charges falls within the catch-all for "other reasons."  Again, the

stacking of the 924(c) charges was not only reasonably foreseeable at sentencing, the stacking was entirely known to the sentencing judge as it determined in part the manner in which the sentence was required to be imposed by statute.  While Defendant devotes much of his argument to the "bone crushing" severity of stacked 924(c) sentences, see Am. Mot. for Sentence Reduction 15-19, Defendant does not mention that the First Step Act reduced the severity of stacked 924(c) charges, and Defendant received the benefit of those changes at sentencing.  Prior to the enactment of the First Step Act, the first 924(c) count would have subjected Defendant to a five-year mandatory minimum and both of the other two 924(c) counts would have added another twenty-five years each, for a total of fifty-five years.  After the enactment of the First Step Act, the mandatory minimum on each of the three counts became five years per count.  If Congress had wanted to reduce the penalty even further, or eliminate the penalty for stacking entirely, Congress could have done so, but chose not to.  An even greater reduction in Defendant's sentence is not warranted on this basis either.

The Court also finds that a reduction in Defendant's sentence is not consistent with the Sentencing Commission's policy statements, to the extent those policy statements are applicable. While the Court acknowledges that it is not wholly constrained by Guidelines Section 1B1.13, the Court is guided by the existing Application Notes, even if those Notes are not entirely applicable. See Gunn, 980 F.3d at 1180.  Where the sentencing commission enumerated circumstances that might constitute extraordinary and compelling reasons warranting a reduction in sentence, the sentencing commission limited those circumstances to individualized health, age, and familial circumstances.  The Court is wary, then, of stretching the catch-all provision to encompass the length of the sentence imposed as an extraordinary and compelling circumstance warranting a reduction in sentence.

Finally, consideration of the relevant factors set forth in 18 U.S.C. § 3553(a), leads the Court to conclude that a reduction in Defendant's sentence is not warranted.  Defendant has an extensive criminal history, having been previously convicted of possession of a controlled substance, possession of a controlled substance with intent to distribute, disarming a peace officer, aggravated battery of

a peace officer, resisting a peace officer, and aggravated driving under the influence. Given Defendant's recent incarceration, he has not presented any evidence that he has been sufficiently rehabilitated. Defendant's motion, then, essentially asks the Court to determine in hindsight that a ten-year sentence would be sufficient but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant.

In committing the offense for which he is presently incarcerated, Defendant robbed a gas station and two check cashing stores. During each robbery, Defendant displayed a handgun. During the robbery of one of the check cashing stores, Defendant forced the clerk to lay on the floor while he waited for the timer on a safe, and while the clerk was on the floor, Defendant kept cocking his gun and telling her that he would kill her if she could not open the safe. Defendant also threatened the life of the employee working during the second check cashing store robbery. According to the PSR, Defendant conducted significant planning of each of the robberies. Based on Defendant's criminal history and

the instant convictions, the Court finds that Defendant poses a danger to the community if he were released at this time.

Defendant compares his case to the case of United States v. Andrea Tate, C.D. Ill. No. 17-30037, in which the Court granted the defendant's motion for compassionate release based on a similar medical diagnosis.  Defendant also states that his criminal history looks like that of other drug addicts.  The Court has considered this information in light of the 3553(a) factor which directs the Court to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct. First, Defendant and Tate have very different criminal histories. While Tate had prior nonviolent convictions—such as theft, deceptive practices, unlawful possession of a controlled substance—Defendant has similar prior convictions but also a violent conviction for Disarming a Peace Officer, Aggravated Battery of a Peace Officer, and Resisting a Peace Officer.  Additionally, the offenses of conviction are vastly different.  While Tate was convicted of possession with the intent to distribute a controlled substance, Defendant was convicted of three separate armed robberies.  In Tate's case, the Court also took into account in that case

statements made by the mother of the deceased person that counseled leniency. Although no one died because of Defendant's conduct in this case, Defendant terrorized three store employees with a gun during the robberies. Finally, Defendant has served only a fraction of the sentence imposed, as opposed to the defendant in <u>Tate</u> who served nearly four years of the sentence imposed. The Court finds that the punitive and deterrent goals articulated in 18 U.S.C. §§ 3553(a)(2)(A) and (B) have not been satisfied by Defendant's term of imprisonment to date and would not be served by a reduction in the term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Toshiro Luttrell's pro se Motion for Compassionate Release (d/e 65) and Amended Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A) (d/e 68) are DENIED.

ENTER: June 14, 2021

/s/ <i>Sue E. Myerscough</i>  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE